United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATORRENCE TORELL NEWMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-352 |
| | § | |
| OFFICER MARFO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR COUNSEL**

LaTorrence Torell Newman, representing himself, filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Newman has now filed a motion requesting appointment of counsel. (Docket Entry No. 79). Newman requests counsel on the grounds that he is incarcerated and unable to afford an attorney. This is his fourth motion for appointment of counsel.

A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172–73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is not required unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*, 691 F.2d at 212–13). Newman does not show that exceptional circumstances are present in this case. His motion will be denied at this time. If appropriate, the court will reconsider whether counsel is necessary *on its own motion* at a later date.

Because the record does not show exceptional circumstances, Newman's motion for appointment of counsel, (Docket Entry No. 79), is denied. Newman is cautioned that further motions for appointment of counsel may result in the imposition of sanctions.

SIGNED on January 28, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge